UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BOBEL | : | |
| Plaintiff, | : | Case No. 1:18-cv-245 |
| v. | : | Judge Donald C. Nugent |
| SAFECO INSURANCE COMPANY OF INDIANA | : | Magistrate Judge William H. Baughman, Jr. |
| | : | |
| Defendant. | | |

## MOTION TO COMPEL APPRAISAL AND STAY DISCOVERY

Defendant Safeco Insurance Company of Indiana ("Safeco"), by and through counsel, moves to compel Plaintiff William Bobel ("Plaintiff") to resolve his breach of contract and declaratory judgment claims as they relate to damages sought under Coverage A and C of the Policy (for dwelling coverage and personal property coverage, respectively) through an appraisal pursuant to the terms of Plaintiff's insurance policy. Safeco further requests that this Court stay discovery as to all matters subject to appraisal. Under Plaintiff's policy, Plaintiff is required upon Safeco's demand to choose an appraiser to conduct an appraisal to determine the amount of damage to certain property losses in dispute. Safeco has demanded an appraisal, but Plaintiff has objected and refused to engage in the appraisal process. Therefore, Safeco respectfully requests that this Court compel Plaintiff to resolve his breach of contract and declaratory judgment claims—to the extent they relate to dwelling and personal property damages—through appraisal and stay discovery related to those matters.

1

Respectfully submitted,

*/s/ Katherine M. Klingelhafer*
William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
Ph: (614) 464-1211
Fax: (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
*Attorneys for Defendant Safeco Insurance Company of Indiana*

2

## **MEMORANDUM IN SUPPORT**

### I.  INTRODUCTION

Safeco brings this Motion to Compel Appraisal in order to obtain a fair and efficient resolution to Plaintiff's breach of contract and declaratory judgment claims—to the extent they relate to claims for dwelling and personal property damage—through the impartial appraisal process as required by Plaintiff's insurance policy.  The dispute between the parties arises out of a fire loss at Plaintiff's property on December 25, 2016.  The parties do not dispute that Plaintiff's insurance policy, Policy No. OK6518171("the Policy"), provides coverage for the dwelling and personal property losses sustained, but the parties disagree as to the amount of loss.

Safeco attempted to enforce its policy right to resolve this dispute by appraisal, but Plaintiff objected and refused to participate in the appraisal process.  Because such appraisal provisions are valid and enforceable, and because Safeco has properly made demand upon Plaintiff to participate in an appraisal, this Court should compel Plaintiff to resolve his breach of contract and declaratory judgment claims—to the extent they relate to claims for dwelling and personal property damage—through appraisal.

### II.  FACTUAL BACKGROUND

Plaintiff's house at 803 6th Ct., Lorain, Ohio ("the Property") was damaged in a fire on December 25, 2016.  (Compl., ¶ 32).  Following the fire, Safeco reviewed recommendations and estimates for repair to Plaintiff's dwelling, and performed its own inspection and evaluation.  (See Compl. ¶¶ 39, 41, 46, 48-50).  Safeco determined that the replacement cost value of the damage to the dwelling was $179,563.91.  (*Id.*).  Safeco has paid $27,651.61 to date in relation to personal property damaged in the fire.  (*Id.*).  Plaintiff disagreed with Safeco's determination as to the amount of loss and filed suit on December 21, 2017.  (See Compl.).  In addition to the

3

dwelling and personal property dispute, which is the subject of this Motion to Compel Appraisal, Plaintiff filed suit alleging that his claim for Additional Living Expenses ("ALE") and lost rents under Coverage D of the Policy was improperly denied. (See Compl., ¶ 55). The determination of coverage relating to ALE and lost rents is not subject to the demand for appraisal.

The Policy clearly provides that either party may demand an appraisal when the parties cannot agree as to the amount of loss. The Policy includes the following language under Special Provisions—Ohio, Section 1—Property Coverages, which outlines the rights of the parties to demand an appraisal:

> Item **7. Appraisal** is deleted and replaced by the following:
>
> 7. **Appraisal.** If you and we do not agree on the amount of the loss, including the amount of *actual cash value* or *replacement cost*, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately the *actual cash value* or *replacement cost* of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.
>
> Each party will:
>
> a. pay its own appraiser; and
> b. bear the other expenses of the appraisal and umpire equally.
>
> In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. If there is an appraisal, we still retain the right to deny the claim.

(Policy Special Provisions—Ohio, Section 1—Property Coverages, attached as Exhibit A).

In light of the dispute as to the amount of loss regarding the dwelling and Plaintiff's personal property, Safeco, through counsel, made a formal demand for appraisal pursuant to the terms of the Policy on February 22, 2018. (Letter to G. O'Brien, attached as Exhibit B). Plaintiff informed Safeco's counsel that Plaintiff refused to participate in the appraisal process, arguing that the appraisal provision under the policy is an "optional remedy" and that because Plaintiff has already filed suit it is "too late" for Safeco to invoke the appraisal provision, which

Plaintiff argues "impliedly limits the right to invoke appraisal to pre-suit negotiations." (March 1, 2018 email from G. O'Brien, attached as Exhibit C).

Because Plaintiff objects to engaging in the appraisal process as required by the terms of the Policy Safeco brings this Motion to Compel Appraisal.

### III. LAW AND ANALYSIS

The plain language of the appraisal provision in the policy requires both parties to submit to an appraisal upon the demand of the other party. Insurance policies are contractual, and like all contracts, the plain language of an insurance policy is enforceable. See *Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 112 Ohio St.3d 482, 486, 861 N.E.2d 121, 125 – 126 (2006) citing *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 478, 747 N.E.2d 206 (2001) (In general, "an insurance policy is a *contract* between the insurer and the insured."); citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992) (Courts "should not disturb the plain language of such a contract when the intent of the parties is evident.")

The Ohio Supreme Court has held that appraisal provisions like the one at issue in this matter are valid, and such provisions should be enforced. *Saba v. Homeland Ins. Co. of America*, 159 Ohio St. 237, 112 N.E.2d 1 (1953). In *Saba,* the Court enforced an appraisal provision, finding that the appraisal provision was an integral part of the insurance policy and was not revocable. *Id.* The *Saba* Court noted that an appraisal provision should be enforced because the "provision is not an involved one, the words are simple, and the meaning is clear." *Id.* The *Saba* Court upheld a probate court decision to appoint an umpire in conformity with the provision of the policy, which, similarly to the Policy issued to Plaintiff, stated that if the two appraisers fail to select a competent umpire "on the request of the insured or this company, such umpire shall be

5

selected by a judge of a court of record in the state in which the property covered is located." *Id.* at 2. The *Saba* Court noted the important policy reasons for enforcing appraisal clauses, which "provide a plain, speedy, inexpensive and just determination of the extent of the loss." *Saba*, 159 Ohio St. at 240-241, 112 N.E.2d at 3 citing 45 C.J.S., Insurance, § 1110, p. 1353. Further, such clauses are a simple way to make a determination as to the extent of a loss, as "[t]he clause does not require the parties to do anything but appoint their appraisers, notify them, and hand them the policy." *Saba*, 159 Ohio St. at 240-241, 112 N.E.2d at 3 citing 45 C.J.S., Insurance, § 1110, p. 1353.

Pursuant to the Ohio Supreme Court's ruling in *Saba,* appraisal provisions such as those in Plaintiff's Policy are enforceable. In this case, Safeco has determined there is dwelling and personal property coverage and Safeco will pay the amount of loss, but Plaintiff and Safeco cannot agree as to what the amount of loss is. Enforcement of the appraisal process would provide an efficient and fair way to resolve breach of contract claim and declaratory judgment claim between the parties[1], and no basis exists for Plaintiff to avoid participating in the same.

Plaintiff objected to appraisal arguing that Safeco's right to demand appraisal was waived. The plain language of the Policy, however, does not limit in any way the timeframe in which appraisal may be invoked. Therefore, Plaintiff should be compelled to comply with the terms of the Policy and proceed with appraisal.

Safeco also requests that this Court stay discovery relating to issues subject to appraisal. Safeco requests a stay of discovery as any appraisal would conclusively determine the amount of loss under the dwelling coverage and personal property coverage. Therefore, if appraisal proceeds, it would be inefficient and unnecessary to simultaneously conduct discovery on issues

---

[1] As outlined above, Plaintiff's breach of contract and declaratory judgment claims include a claim for ALE coverage. The coverage dispute as to the ALE claim is not subject to the demand for appraisal.

6

that will be resolved via the appraisal process. Safeco does not request a stay of discovery as to Plaintiff's claims relating to ALE coverage, as those claims involve a dispute as to coverage that is not subject to the Policy's appraisal provision or Safeco's demand for appraisal.

## IV.     CONCLUSION

For the reasons set forth herein, Safeco respectfully requests that the Court compel Plaintiff to participate in the appraisal procedure set out in the Policy and to stay discovery on all matters subject to appraisal.

                                        Respectfully submitted,

*/s/ Katherine M. Klingelhafer*
William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
Ph: (614) 464-1211
Fax: (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
*Attorneys for Defendant Safeco Insurance Company of Indiana*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's electronic filing system on this 7th day of March, 2018, which will send notice of this filing to all parties that have entered an appearance in this matter:

    Gregory E. O'Brien, Esq.
    CAVITCH FAMILO & DURKIN CO., LPA
    Twentieth Floor
    1300 East Ninth Street
    Cleveland, OH  44114
    *Attorney for Plaintiff William Bobel*

                                       */s/ Katherine M. Klingelhafer*
                                       Katherine M. Klingelhafer (0084901)

0000T69.0656440  4813-9880-6110v1